# Dual Office of Chief Judge of Court of Veterans Appeals and Director of the Office of Government Ethics

Federal law does not bar a single individual from serving simultaneously as the Chief Judge of the Court of Veterans Appeals and the Director of the Office of Government Ethics.

July 21, 1989

MEMORANDUM OPINION FOR THE DIRECTOR
OFFICE OF GOVERNMENT ETHICS

This responds to your request for the opinion of this Office whether you can serve simultaneously as the Director of the Office of Government Ethics and Chief Judge of the Court of Veterans Appeals. For the reasons set forth below, we conclude that you are not barred by federal law from holding both offices, since (we understand) you will receive only a single salary, the two positions are not incompatible, and no appropriation is being directed to any purpose other than that provided by law.[1]

## Background

The Court of Veterans Appeals was created by section 301 of the Veterans' Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105, 4113, codified at 38 U.S.C. §§ 4051-4092. The court operates under Article I of the Constitution, and has exclusive jurisdiction to review decisions of the Board of Veterans Appeals. 38 U.S.C. § 4052(a). The court consists of a Chief Judge and from two to six associate judges, who are each to serve terms of 15 years. Id. § 4053. The President has recently appointed Judge Nebeker to be the Chief Judge of this court.

Judge Nebeker is also the Director of the Office of Government Ethics ("OGE"). The OGE "was established within the Office of Personnel Management ("OPM") by title IV of the Ethics in Government Act of 1978. The Office was created to 'provide overall direction of executive branch policies related to preventing conflicts of interest on the part of officers and

---

[1] You have not requested our views on the appropriateness under the American Bar Association Code of Judicial Conduct (1972) of your serving simultaneously in these two positions, and we do not address the issue.

employees of any executive agency.' The OGE Director was given the authority and responsibility for developing rules and regulations regarding conflicts of interest, financial disclosure and ethical conduct by officers and employees in the executive branch; monitoring and investigating individual and agency compliance with financial disclosure requirements; interpreting conflict of interest rules and regulations; providing information on and promoting understanding of ethical standards in executive agencies; and ordering action by agencies and employees to comply with laws, rules, regulations and standards related to conflicts of interest and ethical conduct." H.R. Rep. No. 1017, 100th Cong., 2d Sess., pt. 1, at 8-9 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4125, 4129-30. Under sections 3(a) and 10(b) of Office of Government Ethics: Reauthorization Act of November 3, 1988, Pub. L. No. 100-598, 102 Stat. 3031, OGE is to be removed from OPM and to be a separate executive agency, effective October 1, 1989.

We understand that Judge Nebeker will not be involved in adjudicating any cases before the Court of Veterans Appeals for some time after assuming his position there, and that his duties at the outset of his tenure will be largely or entirely administrative. We also understand that Judge Nebeker will have resigned from the Directorship of OGE before he begins to hear cases on the court. During the overlapping period in which he plans to serve both as Director of OGE and as Chief Judge, we understand that Judge Nebeker will draw a salary only as Chief Judge, which is the higher-paid of the two positions.

## A. Dual Compensation

The Dual Compensation Act, 5 U.S.C. § 5533, repealed earlier legislation directed against dual office holdings and provides that, subject to exceptions, "an individual is not entitled to receive basic pay from more than one position for more than an aggregate of 40 hours of work in one calendar week (Sunday through Saturday)." The Act merely prohibits the receipt of pay for more than one full-time dual government position (subject to certain exceptions). Accordingly, this Office has repeatedly opined that the Dual Compensation Act does not prohibit the holding of two offices simultaneously, and in fact impliedly permits it.[2] "The basic prin-

---

[2] *See, e g.*, Memorandum for Arnold Intrater, General Counsel, Office of White House Administration, from John O. McGinnis, Deputy Assistant Attorney General, Office of Legal Counsel, *Re· Dual Office of Executive Secretary of National Security Council and Special Assistant* (Mar 1, 1988) ("Intrater Memorandum"), Memorandum for Myer Feldman, Special Counsel to the President, from Norbert A. Schlei, Assistant Attorney General, Office of Legal Counsel, *Re· Fixing of Salary of Director of Office of Economic Opportunity* (Aug. 19, 1964) (dual appointment as Director of the Peace Corps and Director of the Office of Economic Opportunity). Approved dual appointments also include cases in which a job was created by statute and was subject to Senate advice and consent (as is the job of Chief Judge of the Court of Veterans Appeals). *See* Memorandum for George P. Williams, Associate Counsel to the President, from Leon Ulman, Acting Assistant Attorney General, Office of Legal Counsel, *Re. Dual Appointment* (June 24, 1974) (Special Representative for Trade Negotiations and Executive Director of the Council on International Economic Policy)

ciple is that there is no longer any prohibition against dual office-holding. It seems to us that it is not material how the dual tenure comes about, whether by successive appointments by and with the advice and consent of the Senate, by interim designation, or by concurrent nomination and appointment." Memorandum for John D. Ehrlichman, Counsel to the President, from William H. Rehnquist, Assistant Attorney General, Office of Legal Counsel at 2 (Feb. 13, 1969). Thus, the statute is not a bar to Judge Nebeker's serving in the two capacities of Chief Judge of the Court of Veterans Appeals and Director of OGE, so long as he receives only one salary for the work he performs.[3]

## B. Incompatibility

Where public policy would make it improper for one person to perform the functions assigned to two distinct offices, a problem of "incompatibility" arises. See Intrater Memorandum at 3. Such a problem could be presented if, for example, one office adjudicated matters in which the other was or was likely to be a party. Id. at 3-4. We perceive no such "incompatibility" problem here, however. The function of the Court of Veterans Appeals is to hear appeals from decisions of the Board of Veterans Affairs. The Office of Government Ethics is not a party to such appeals. (In any event, we understand that Judge Nebeker will not be hearing appeals on the court until after he has resigned as Director of OGE.) Further, the mere fact of being a federal judge does not prevent someone from holding another federal office. See Mistretta v. United States, 488 U.S. 361, 397-404 (1989) (Article III judges may undertake certain extrajudicial functions).[4]

## C. Augmentation

31 U.S.C. § 1301(a) provides that "[a]ppropriations shall be applied only to the objects for which the appropriations were made except as otherwise provided by law." This is not an absolute barrier to Judge Nebeker's being compensated by receiving a salary from one position while simultaneously serving in another position. See United States v. Morse, 292 F. 273, 277 (S.D.N.Y. 1922) (A. Hand, J.) (Special Assistant to Attorney General could be compensated by continuing to receive his

---

[3] We have also consistently construed the Dual Compensation Act to require that an individual who holds two offices must be paid the higher salary if it is fixed by law. See Intrater Memorandum at 2 n 3 The theory is that the dual office-holder would otherwise be waiving a right to compensation established pursuant to statute — which is unlawful. See Glavey v. United States, 182 U.S. 595 (1901), Intrater Memorandum at 3 n 8. We understand that Judge Nebeker will receive the Chief Judge's salary, which is higher than the salary of the Director of OGE, and which is fixed by statute, see 38 U.S.C. § 4053(e)(1).

[4] By its plain language, the Incompatibility Clause, U S Const art I, § 6, cl 2, applies only to members of Congress, see 17 Op Att'y Gen. 365, 366 (1882), and so is inapplicable here. An Article I judge is not a member of Congress

salary as special counsel to a government corporation). As we have opined before, *see* Intrater Memorandum at 6, so long as Judge Nebeker performs substantial responsibilities for both positions, there is no requirement that he devote full time to either position.

WILLIAM P. BARR
*Assistant Attorney General*
*Office of Legal Counsel*
